Howard Rubinstein (Fla. SBN: 104108)
*howardr@pdq.net*
Attorney at Law
914 Waters Avenue, Suite 20
Aspen, Colorado 81611
(832) 715-2788
*(To apply as counsel pro hac vice)*

Harold M. Hewell (Cal. SBN: 171210)
*hmhewell@hewell-lawfirm.com*
HEWELL LAW FIRM
105 West F Street, Second Floor
San Diego, California 92101
(619) 235-6854 · (888) 298-0177 (f)

*Attorneys for Plaintiff*

FILED

10 AUG 11 AM 10:41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ________

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**VI NGUYEN,** as an individual, and on behalf of others similarly situated,

*Plaintiff,*

*vs.*

**INNOVATION VENTURES, LLC** dba **LIVING ESSENTIALS,** a Michigan corporation,

*Defendant.*

Civil Action No. SACV10-1217-JST (MLGx)

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

***Filed as a Class Action***
***Jury Trial Requested***

Plaintiff, by and through counsel, files this Complaint on behalf of herself and all others similarly situated, and alleges against Defendant, Innovation Ventures, LLC which does business as Living Essentials ("Defendant"), as follows:

## I. VENUE AND JURISDICTION

1. This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under 18 U.S.C. § 1332(d), which, under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any defendants, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

2. Plaintiff alleges that the total claims of individual class members in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5). Plaintiff is a citizen of the State of California, and as set forth below, Defendant can be considered a citizen of the State of Michigan for purposes of diversity. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A). Furthermore, Plaintiff alleges that more than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are citizens of a state other than California where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

3. Venue in this district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business within, may be found in, and is subject to personal jurisdiction in this district. The "Declaration of Harold M. Hewell Pursuant to Civil Code §1780(c) of the

Consumer Legal Remedies Act, Civil Code §§1750 et seq." regarding venue under the California Consumer Legal Remedies Act ("CLRA") is submitted herewith and is incorporated herein by reference.

## II. INTRODUCTION

4. Defendant markets and sells through distributors and retailers the 5-HOUR *ENERGY*® drinks (hereinafter, also, "Product") in interstate commerce throughout the United States, including this Judicial District.

5. Defendant represents in marketing advertising and Product labeling that with 5-HOUR *ENERGY*® one can "drink it in seconds and in minutes you're feeling alert and productive and that feeling lasts for hours". This is untruthful based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology. True and correct copies of the labeling for the Grape-flavored brand of the Product is set forth below and incorporated herein by reference.



Store Display



Principal Display Panel



Ingredient List

## III. PARTIES

6. Plaintiff Vi Nguyen is an individual consumer who resides in, and is a citizen of Orange County, State of California.

7. Defendant, Innovation Ventures, LLC dba Living Essentials (hereinafter, "Defendant"), is a Michigan corporation with its principal place of business located at Novi, Michigan. For purposes of diversity, Defendant is a "citizen" of the State of Michigan. Defendant conducts business in this district, and commercially advertises, promotes and markets in interstate commerce the Product, which it publicly claims and represents, *inter alia,* produces five hours of energy.

8. Plaintiff alleges on information and belief that at all times relevant herein, Defendant and its employees, subsidiaries, affiliates, and other related entities, were the agents, servants and employees of each other, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment. Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who deliver and sell the Product also were Defendant's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

9. Whenever reference in this Complaint is made to any act or transaction of Defendant or a related entity, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Defendant committed, knew of, performed, authorized, ratified and/or directed such act or transaction on behalf of Defendant while actively engaged in the scope of their duties.

10. All allegations herein are based on information and belief and/or are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

## IV. FACTUAL ALLEGATIONS

11. As set forth above, Defendant sells and markets the Product in interstate commerce throughout the United States, including this Judicial District.

12. Defendant advertises its Product in commercial advertising across the United States. Defendant has resorted to false advertising to attempt to promote its Product.

13. Indeed, the name, "5-HOUR *ENERGY®*," is, in and of itself, false and misleading precisely because it states, or at a minimum implies, that two ounces of a 5-HOUR *ENERGY®* drink produces a sustained level of "energy" for five hours. This is untruthful based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology.

14. One 5-HOUR *ENERGY®* commercial states:

> Why do energy drinks make you crash? One minute you're wired up. The next you feel worse than before. The answer is large amounts of sugar and caffeine. But with 5-Hour Energy you could sail through your day with no jitters or crash. It contains B Vitamins for energy and amino acids for focus, zero sugar and only 8 calories. Drink it in seconds and in minutes you're feeling alert and productive and that feeling lasts for hours. 5-Hour Energy. Hours of energy now. No crash later. Available at these fine stores.

15. Defendant's claim, that "with 5-HOUR *ENERGY®* you could sail through your day with no jitters or crash" is, based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, a false and misleading statement of material fact about 5-HOUR *ENERGY®*.

16. Defendant's claim that 5-HOUR *ENERGY®* "contains B Vitamins for energy and amino acids for focus", is, based on the drink's ingredients and

generally accepted principles of biochemistry, pharmacology and physiology, false and misleading.

17. Defendant's claim that with 5-HOUR *ENERGY*® one can "drink it in seconds and in minutes you're feeling alert and productive and that feeling lasts for hours", is based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, false and misleading.

18. Living Essentials' representations set forth above are false, based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, false and misleading.

19. Another 5-HOUR *ENERGY*® commercial states:

> Why are energy drinks bad? 12 spoons of sugar, that's bad. 200 calories, bad. Guarana, tisk, tisk. Good for a short jittery burst, then a dehabilitating crash. So don't drink energy drinks, drink 5-Hour Energy. It's not a drink, more like a sip. Well with that sip you'll feel alert and focused for hours, without the crash or jitters. It has zero sugar, only 4 calories and no guarana. 5-Hour Energy. Hours of energy now. No crash later.

20. Defendant's claim in this as well as additional advertisements that "you'll feel alert and focused for hours without crash or jitters" is, based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, false and misleading.

21. Defendant's claim in this as well as additional advertisements that 5-HOUR *ENERGY*® provides "Hours of energy now. No crash later" is, based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, false and misleading.

22. And another advertising claims:

> This is you after an energy drink. Unfortunately, so is this. Why do energy drinks make you crash? One minute you're wired up. The

> next you feel worse than before. The answer is large amounts of sugar and caffeine. That's why you should try a new liquid energy shot called 5 Hour Energy. With 5 Hour Energy, you can leave grogginess behind and sail through your day without feeling jittery, tense or, you know. That's because 5 Hour Energy contains a powerful blend of B Vitamins for energy and amino acids for focus, alertness and better mood. There is zero sugar, about as much caffeine as a cup of coffee and only 4 calories. The 2-ounce shot takes just seconds to drink and in minutes you're feeling bright, awake and productive and that feeling lasts for hours. So if your energy drink makes you crash, switch to 5 Hour Energy. Hours of energy now, no crash later. Find out if 5 Hour Energy is right for you. It's available at these fine stores, or for more information go to 5hourenergy.com.

23. Defendant's representations for the Product, set forth above in detail, are false, based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology, false and misleading.

24. Defendant's claim in this as well as additional advertisements that "with 5 Hour *Energy*® you can leave grogginess behind and still do your day without feeling jittery and tense or, you know" is, based on drinks ingredient's and generally accepted principles of biochemistry, pharmacology and physiology, false and misleading.

25. Defendant's claim in this as well as additional advertisements that "5 Hour *Energy*® contains a powerful blend of B Vitamins for energy and amino acids for focus, alertness and better mood" is, based on drinks ingredient's and generally accepted principles of biochemistry, pharmacology and physiology, false and misleading.

26. In addition, 5-HOUR ENERGY® conspicuously makes the following claims on each drink's label:

- "Hours of energy now"
- "No crash later"
- "Feel it in minutes. Lasts for hours"
- "Sugar free"
- "0 net carbs"

27. 5-HOUR ENERGY® Decaf conspicuously makes the following claims on each drink's label:

- "Hours of energy now"
- "No crash later"
- "Feel it in minutes. Lasts for hours"
- "Sugar free"
- "Decaf"
- "Only 4 calories"

28. 5-HOUR *ENERGY®* EXTRA STRENGTH conspicuously claims on each drink's container:

- "Sugar free"
- "Only 4 calories"

29. Defendant's claims in the quoted advertisements and/or on the Product containers that 5-HOUR *ENERGY®* products provide "hours of energy now", or "sail through your day with no jitters or crash", or "in minutes you're feeling alert and productive and that feeling lasts for hours 5-Hour Energy", or "Hours of energy now. No crash later", or "Feel it in minutes lasts for hours" are, based on 5-HOUR *ENERGY®'s* ingredients, at least as disclosed on the applicable Product container labels, false and misleading based on generally accepted principles of biochemistry, pharmacology, and physiology and cannot and do not produce the effects claimed.

30. Defendant's claims in advertisements that its 5-HOUR *ENERGY®* products make the drinker "feel alert and focused for hours, without the crash or jitters" are, based on the Product ingredients, at least as disclosed on the

applicable Product container labels, false and misleading, given generally accepted principles of biochemistry, pharmacology, and physiology and do not produce the effects claimed.

31. 5-HOUR *ENERGY*® Decaf's ingredients, at least as disclosed – "sugar free", "Decaf", "6 mg. of caffeine", "only 4 calories" --- given generally accepted principles of biochemistry, pharmacology, and physiology, do not and cannot provide "Hours of energy now", "Feel in minutes. Lasts for hours", "No crash later", as Defendant claims. Those claims are further false and misleading based on the Product's ingredients including, in particular, the limited amount of caffeine and sugar in the Products, at least as disclosed on the applicable container labels.

32. 5-HOUR *ENERGY*® Extra Strength's claims, described above, including its claim derived from the name of the Product itself, are false and misleading based on the Product's claims to be "sugar free" and "only 4 calories" and the Product's other ingredients at least as disclosed on the applicable container labels, given generally accepted principles of biochemistry, pharmacology and physiology.

33. The Product is sold in convenience stores and other outlets. In stores, it is sold alongside other energy drinks, canned iced teas and soft drinks.

34. As a result of the misleading messages and representations referenced above, conveyed by Defendant on its labeling of the Product and other aspects of its marketing campaign for the Product, Defendant has been able to charge a price premium for the Product over other similar "energy" drinks.

35. Plaintiff has purchased the Product several times since its introduction into the marketplace; most recently she purchased "5 Hour Energy Shot, Grape flavor" on April 7, 2010 at 76/Circle K, 5201 W. 1st St

Santa Ana, California, 92703. She had been exposed to Defendant's advertising campaign described above, and in particular, had relied upon the representations made on the labeling and advertising of the Product as described above. She selected the Product over other similar products because of the above labeling and advertising claims she saw at the time of purchase, reasonably relying upon the purportedly good reputation of Defendant. Plaintiff also alleges that the Product failed to show the required results as claimed by Defendant in its advertising claims and labels.

36. Defendant presents itself as a reputable and reliable manufacturer of dietary supplements. Plaintiff contends that she has been misled by Defendant's labeling and advertising claims into purchasing and paying for a product that was not what it was represented to be, and that she has, as a direct result, suffered actual damages in that she has been deprived of the benefit of her bargain and has spent money on a product that had less value than was reflected in the purchase price she paid for the Product.

## V. CLASS ALLEGATIONS

37. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

38. Pursuant to California Civil Code §1781, California Code of Civil Procedure §382, and Federal Rule of Civil Procedure ("FRCP") 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of all persons who have purchased the Product for personal use during the Class Period ("Class"), which is defined as the period between the date Defendant first used the claims described above, as well as those similar to them, in the labeling of the Product, and the filing date of this Complaint, or alternatively, extending back four years prior to the filing of this action, whichever is the shorter.

39. Defendant's practices and omissions were applied uniformly to all

members of the Class, so that the questions of law and fact are common to all members of the Class. All members of the putative Class were and are similarly affected by having purchased and used the Product for its intended and foreseeable purpose, and the relief sought herein is for the benefit of Plaintiff and members of the putative Class.

40. Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class is so numerous that joinder of all members would be impractical. Based on the annual sales of the Product and the popularity of the Product, it is apparent that the number of consumers of the Product would at least be in the many thousands, thereby making joinder impossible.

41. Questions of law and fact common to the Plaintiff Class exist that predominate over questions affecting only individual members, including, inter alia:

(a) Whether Defendant's practices in connection with the promotion, marketing, advertising and sale of the Product were deceptive, unlawful or unfair in any respect, thereby violating California's Unfair Competition Law ("UCL), Cal. Bus. & Prof. Code § 17200 et seq.;

(b) Whether Defendant's practices in connection with the promotion, marketing, advertising and sale of the Product were deceptive in any respect, thereby violating California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.;

(c) Whether Defendant breached express warranties in its sale of the Product, thereby causing harm to Plaintiff and members of the Class;

(d) Whether Defendant violated California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq.,

by the practices and representations made in connection with the labeling, advertising, marketing, promotion and sales of the Product within California; and

(e) Whether Defendant's conduct as set forth above injured consumers and if so, the extent of the injury.

42. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class, as the claims arise from the same course of conduct by Defendant, and the relief sought is common. Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

43. Certification of this class action is appropriate under FRCP 23(b) and California Code of Civil Procedure §382 because the questions of law or fact common to the respective members of the Class predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims. Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

44. Certification is also appropriate because Defendant acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole. Furthermore, given the large number of consumers of the Product, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

45. A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims

to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that such individual actions would engender.

46. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## VI. FIRST CAUSE OF ACTION:
## FOR VIOLATION OF BUS & PROF. CODE § 17200 ET SEQ.

47. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

48. This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to Cal. Bus. & Prof. Code § 17200 et seq., which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part of Division of the Business and Professions Code."

49. Plaintiff alleges on information and belief that Defendant committed unfair business acts and/or practices. Defendant and its related entities represent themselves as being reputable, reliable and safe manufacturers of effective energy drinks. However, the utility of Defendant's practices related to manufacture, assembly, development, marketing, advertising and labeling of the Product for the purpose of selling it, is negligible, if any, when weighed against the harm to the general public, Plaintiff and Members of the Class.

50. The harmful impact upon members of the general public and the

Class who purchased and used the Product for its intended and foreseeable purpose far outweighs any reasons or justifications by Defendant for these practices, set forth in detail above. Defendant had and has an improper motive (profit before safety) in its practices related to the manufacture, assembly, development, marketing, advertising and labeling of the Product.

51. The utilization of such unfair business acts and practices was and is under the sole control of Defendant, and is deceptively hidden from members of the general public in its labeling, advertising, promotion and/or marketing of the Product.

52. As a purchaser and consumer of Defendant's product, and as a member of the general public in California who purchased the Product and used it for its intended and foreseeable purpose, Plaintiff is entitled to and does bring this class action seeking all available remedies under the UCL, including declaratory, injunctive and other equitable relief, as well as attorneys' fees and costs.

53. Defendant committed a deceptive act or practice by failing to make known the risks inherent in the manufacture, assembly, sale and use of the Product as set forth in detail above, and by making marketing, advertising and/or labeling representations that deceptively promoted the Product as an effective energy drink. This has a capacity, tendency, and/or likelihood to deceive or confuse reasonable consumers in that such consumers had a good faith basis for believing the Product was an effective energy drink, when in fact, these representations, set forth in detail above, are untruthful based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology.

54. Defendant's acts and practices related to the marketing, advertising and/or labeling of the Product for the purpose of selling its Product, as set forth in detail above, constitute unfair and/or deceptive

business practices within the meaning of California Bus. & Prof. Code § et seq. Plaintiff and members of the general public were and are likely to be deceived by Defendant as set forth herein.

55. Defendant also committed an unlawful business practice by violating the FAL and CLRA as set forth in detail below. These violations serve as predicate violations of this prong of the UCL.

56. Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, on behalf of himself and members of the general public, seeks an order of this Court:

(a) Enjoining Defendant from continuing to engage, use, or employ unfair and/or deceptive business acts or practices related to the marketing, advertising, labeling and sale of the Product for the purpose of selling its Product in such manner as set forth in detail above; and

(b) Restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive act or practices.

57. Plaintiff and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted. The unfair and/or deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiff and members of the general public.

58. As a result of Defendant's violation of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm. Pursuant to Civil Code § 3287(a), Plaintiff and Members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation and Plaintiff and Members of the Class are entitled to interest in an amount according to proof.

## VII. SECOND CAUSE OF ACTION
## FOR VIOLATIONS OF BUS. & PROF. CODE §17500 ET SEQ.

59. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

60. In violation of California Bus. & Prof. Code §17500, Defendant has disseminated, or caused to be disseminated, deceptive representations: that Product's two ounces of a 5-HOUR ENERGY® drink produces a sustained level of "energy" for five hours; that "with 5-HOUR ENERGY® you could sail through your day with no jitters or crash", that "drink it in seconds and in minutes you're feeling alert and productive and that feeling lasts for hours" and that "it contains B Vitamins for energy and amino acids for focus". In fact, these representations, set forth in detail above, are untruthful based on the drink's ingredients and generally accepted principles of biochemistry, pharmacology and physiology.

61. Defendant's representations made in the advertising, labeling and/or marketing of the Product is misleading as set forth above.

62. Defendant continues to disseminate, or causes to be disseminated, such misleading statements alleged herein.

63. Defendant's representations regarding the Product are by their very nature unfair, deceptive and/or misleading within the meaning of California Bus. & Prof. Code §17500 et seq. The representations are likely to deceive, and continue to deceive, reasonable consumers.

64. In making and disseminating the representations alleged herein, Defendant knew or should have known that the statements were misleading, and acted in violation of California's Bus. & Prof. Code §17500 et seq.

65. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and the Class Members have suffered substantial monetary and non-monetary damage.

66. Pursuant to Bus. & Prof. Code § 17535, Plaintiff, on behalf of himself and members of the general public, seeks an order of this Court:

(a) Enjoining Defendant from continuing to engage, use, or employ deceptive acts and/or practices related to the marketing, advertising and sale of the Product for the purpose of selling its Product in such manner as set forth in detail above; and

(b) Restoring all monies that may have been acquired by Defendant as a result of such deceptive acts and/or practices.

67. As a result of Defendant's violations of the FAL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm. Pursuant to Civil Code § 3287(a), Plaintiff and Members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiff and Members of the Class are entitled to interest in an amount according to proof.

## VIII. THIRD CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

71. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

72. Plaintiff, and each member of the Class, formed a contract with Defendant at the time Plaintiff and the other members of the Class purchased the Product. The terms of that contract include the promises and affirmations of fact made by Defendant on its Product labels, described above, and through its marketing campaign. The Product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

73. All conditions precedent to Defendant's liability under this contract, including notice, have been performed by Plaintiff and the Class.

74. Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a product which could provide the promised benefits described above.

75. As a result of Defendant's breach of its contract and warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Product at issue.

## IX. FOURTH CAUSE OF ACTION: FOR VIOLATIONS OF THE CLRA

76. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

77. This cause of action is brought pursuant to the CLRA. Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code §1761(d). The purchases of the Product by Plaintiff and each member of the Class were and are "transactions" within the meaning of Civil Code §1761(e).

78. Defendant's marketing, promotion, and sales of the Product within California, as alleged herein, violated and continues to violate the CLRA in at least the following respects as set forth in detail above:

(a) In violation of Civil Code §1770(a)(5), Defendant represented that the Product has characteristics, ingredients, uses, and benefits which it does not have;

(b) In violation of Civil Code §1770(a)(7), Defendant represented that the Product is of a particular standard, quality, or grade, which it is not; and

(c) In violation of Civil Code §1770(a)(9), Defendant advertised the Product with an intent not to sell the Product as advertised.

79. Plaintiff seeks and is entitled to equitable relief in the form of an order:

(a) Enjoining Defendant from continuing to engage in any practice determined by this Court to violate the CLRA;

(b) Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described above;

(c) Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described above; and

(d) Enjoining Defendant from such deceptive business practices in the future.

80. Plaintiff, by and through counsel, is notifying Defendant in writing of the particular violations of Section 1770 of the CLRA and demanded that it take certain corrective actions within the period prescribed by the CLRA for such demands.

81. In the event that Defendant fails to adequately respond to the demands for corrective action within the time prescribed by the CLRA, the Plaintiff intends to amend this pleading to request statutory damages, actual damages, plus punitive damages, interest and attorneys' fees as authorized by Section 1780(a) of the CLRA. Regardless of an award of damages, however, Plaintiff seeks and is entitled to, pursuant to Section 1780(a)(2) of the CLRA, an order for the equitable relief described above, as well as costs, attorney's fees and any other relief which the Court deems proper.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding Plaintiff and the proposed Class members damages;

C. Awarding restitution and disgorgement of Defendant's revenues

to Plaintiff and the proposed Class members.

D. Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

E. Ordering that Defendant be:

(i) Enjoined from continuing to engage in any practice determined by this Court to violate the CLRA;

(ii) Required to make full restitution of all monies wrongfully obtained as a result of the conduct described above;

(iii) Required to disgorge all ill-gotten gains flowing from the conduct described above; and

(iv) Enjoined from such deceptive business practices in the future.

F. Ordering Defendant to engage in a corrective advertising campaign;

G. Awarding attorneys' fees and costs; and

H. Providing such further relief as may be just and proper.

Respectfully submitted,

HEWELL LAW FIRM

By: s/ Harold M. Hewell
Harold M. Hewell

Dated: June 23, 2010

Howard Rubinstein (Fla. SBN: 104108)
914 Waters Avenue, Suite 20
Aspen, Colorado 81611
*(To apply as counsel pro hac vice)*
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
VI NGUYEN, as an individual, and on behalf of others similarly situated

**DEFENDANTS**
INNOVATION VENTURES, LLC dba LIVING ESSENTIALS, a Michigan corporation

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Harold M. Hewell, HEWELL LAW FIRM, 105 West F Street, Second Floor, San Diego, California 92101, (619) 235-6854/(888) 298-0177 (f)
Email: hmhewell@hewell-lawfirm.com

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☑ **MONEY DEMANDED IN COMPLAINT: $** in excess of $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005): California statutory and common law claims

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☑ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: SACV10-1217

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Michigan corporation with its principal placeof business located at Novi, Michigan. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Orange | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** August 6, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

**SACV10- 1217 JST (MLGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [X] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:Harold M. Hewell
Email: hmhewell@hewell-lawfirm.com
HEWELL LAW FIRM
105 West F Street, Second Floor
San Diego, California 92101
(619) 235-6854 • (888) 298-0177 (f)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

VI NGUYEN, as an individual, and on behalf of others similarly situated,

PLAINTIFF(S)

v.

INNOVATION VENTURES, LLC dba LIVING ESSENTIALS, a Michigan corporation,

DEFENDANT(S).

CASE NUMBER

SACV10-1217-JST(MLGx)

FOR OFFICE USE ONLY

**SUMMONS**

TO: DEFENDANT(S): INNOVATION VENTURES, LLC dba LIVING ESSENTIALS

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Harold M. Hewell, whose address is HEWELL LAW FIRM, 105 West F Street, Second Floor, San Diego, California 92101. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

FOR OFFICE USE ONLY

Clerk, U.S. District Court

Dated: '11 AUG 2010

By: MARILYN DAVIS
Deputy Clerk

SEAL

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*