Gerald E. Hawxhurst (Bar No. 220327)
 jerry@cronehawxhurst.com
Daryl M. Crone (Bar No. 209610)
 daryl@cronehawxhurst.com
CRONE HAWXHURST LLP
10880 Wilshire Blvd., Suite 1150
Los Angeles, California 90024
Telephone: (310) 893-5150
Facsimile: (310) 893-5195

Mark A. Cantor (*Pro Hac Vice Application Forthcoming*)
 mcantor@brookskushman.com
Thomas W. Cunningham (*Pro Hac Vice Application Forthcoming*)
 tcunningham@brookskushman.com
BROOKS KUSHMAN, P.C.
1000 Town Center, Suite 2200
Southfield, Michigan 48075
Telephone: (248) 350-4400
Facsimile: (248) 358-3351

Attorneys for Defendant
Innovation Ventures, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| VI NGUYEN, as an individual, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVATION VENTURES, LLC dba LIVING ESSENTIALS, a Michigan corporation,<br><br>Defendant. | CASE NO. SACV-10-1217-JST (MLGx)<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 14, 2011<br>Time: 10:00 a.m.<br>Ctrm.: 10A |

# TABLE OF CONTENTS

**Page**

ARGUMENT ............................................................................................................... 1
    A.    The Standards Set Forth in Twombly and Iqbal Apply Here ................. 2
    B.    The FAC Does Not Allege Plausible Claims for Relief ......................... 3
    C.    The Breach of Warranty Claim Fails for Additional Reasons ............... 7
    D.    Plaintiff's Rule 9(b) Argument is Fundamentally Flawed ..................... 8
    E.    Plaintiff Should be Denied Leave to Amend ........................................ 11
CONCLUSION ........................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page**

## **CASES**

Ashcroft v. Iqbal,
  129 S.Ct. 1937 (2009) ...................................................................................2, 3, 11

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) .................................................................................................2

Fraker v. Bayer Corp.,
  2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) .......................................................3, 7

Freeman v. Time, Inc.,
  68 F.3d 285 (9th Cir. 1995) .............................................................................4, 5, 7, 8

Haskell v. Time, Inc.,
  857 F. Supp. 1392 (E.D. Cal. 1994) ........................................................................5

Herrington v. Johnson & Johnson Consumer Cos., Inc.,
  2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) .......................................................3, 8

In re Glenfed, Inc., Sec. Litig.,
  42 F.3d 1541 (9th Cir. 1994) ..................................................................................10

Johnson v. Metabolife Int'l, Inc.,
  2002 WL 32494514 (N.D. Tex. Oct. 23, 2002) .....................................................10

Kearns v. Ford Motor Co.,
  567 F.3d 1120 (9th Cir. 2009) ..................................................................................9

Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,
  940 F.2d 397 (9th Cir. 1991) ..................................................................................10

McKinniss v. General Mills, Inc.,
  2007 WL 4762172 (C.D. Cal. Sept. 18, 2007) ........................................................3

McKinniss v. Sunny Delight Beverages Co.,
  2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ..............................................3, 4, 5, 11

Miller v. Rykoff-Sexton, Inc.,
  845 F.2d 209 (9th Cir. 1988) ..................................................................................11

Scott v. Metabolife Int'l, Inc.,
  15 Cal. App. 4th 404 (2004) ....................................................................................8

Smith v. Duffy,
  576 F.3d 336 (7th Cir. 2009) ....................................................................................2

Sprewell v. Golden State Warriors,
  266 F.3d 979 (9th Cir. 2001) ....................................................................................7

Videtto v. Kellogg USA,
    2009 WL 1439086 (E.D. Cal. May 21, 2009) ............................................. 3, 6, 7

Werberl v. Pepsico, Inc.,
    2010 WL 2673860 (N.D. Cal. Jul. 2, 2010) ............................................... 3, 6, 7

Williams v. Gerber Prods. Co.,
    552 F.3d 934 (9th Cir. 2008) ..................................................................... 5, 6

## STATUTES

Cal. Bus. & Prof. Code § 17200 ................................................................................ 4

Cal. Bus. & Prof. Code § 17500 ................................................................................ 4

Cal. Com. Code § 2313(1)(b) .................................................................................... 8

Cal. Civ. Code § 1770 ............................................................................................... 4

## Argument

In its opening papers, defendant Innovation Ventures, LLC (d/b/a Living Essentials) ("Innovation") demonstrated that plaintiff's First Amended Complaint ("FAC") should be dismissed for the following reasons: (1) the FAC fails to satisfy the pleading requirements set forth by the U.S. Supreme Court in Twombly and Iqbal requiring a complaint to allege facts showing the claims are plausible, not just possible; (2) the challenged statements are not misleading as a matter of law, whether read in isolation (as plaintiff advocates) or when the Product label is read as a whole as case law requires; (3) the breach of warranty claim fails for the additional reasons that the FAC does not identify any express warranty that has been breached and because plaintiff's "notice of breach" is untimely; and (4) the FAC fails to satisfy Rule 9(b)'s strict pleading requirements.

Plaintiff makes four main arguments in opposition to Innovation's motion, all of which lack merit:

- Plaintiff's argument that Twombly's and Iqbal's "more stringent pleading standards" do not apply to the FAC (see Opp'n at 6-7) is based on a strained reading of a single, out-of-circuit decision, and is contrary to decisions in the Ninth Circuit (see infra Part A);
- Plaintiff's argument that he can rely selectively on certain parts of the Product label for his UCL, FAL and CLRA claims, while ignoring other statements on the label that plaintiff concedes undermine his interpretation of the selected statements (see Opp'n at 12-13), is against settled law holding that when determining whether an advertisement is misleading, the primary evidence a court considers is the *entire advertising itself* (see infra Part B);
- Plaintiff's argument that his breach of warranty claim is properly pled (see Opp'n at 13-14), fails for the same reasons his UCL, FAL and CLRA claims fail and because notice was not timely (a point that plaintiff does not even address) (see infra Part C); and

- Plaintiff's argument that Rule 9(b)'s detailed factual pleading requirements do not apply to the FAC (see Opp'n at 15:9-18) is based on an erroneous argument where plaintiff conflates the standard for pleading the elements of a claim under the "fraud" prong of the UCL, with the elements of a common law fraud claim. (See Opp'n at 14-16.) Settled law, however, requires the FAC to satisfy Fed. R. Civ. Proc. 9(b)'s heightened factual pleading standards because the FAC alleges a "unified course of fraudulent conduct," see infra Part D.

Finally, as shown below in Part E, dismissal of the FAC should be with prejudice because nothing can change the fact that no reasonable consumer could be misled by the Product label, so further amendments would be futile.

### A. The Standards Set Forth in *Twombly* and *Iqbal* Apply Here

Plaintiff's primary argument in opposition is that the "more stringent pleading standards set forth by the [U.S.] Supreme Court" in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), "should not be applied to a consumer action such as the one at hand." (See Opp'n 6, n.4.) Plaintiff's sole support for his novel assertion is a Seventh Circuit decision that plaintiff claims "suggested that Twombly and Iqbal may only be applicable to complex or potentially expensive litigation." Id. at 6:21-23 (citing Smith v. Duffy, 576 F.3d 336, 340 (7th Cir. 2009)).

There are several flaws with plaintiff's argument. The first is that the Seventh Circuit's opinion in Smith does not purport to limit the reach of Twombly and Iqbal to certain types of cases. Rather, as plaintiff concedes, at most there was simply a "suggestion" by the author of the opinion that lower courts might limit the application of those decisions to certain types of cases. (See Opp'n at 6:21-23.)

The second flaw with plaintiff's argument is his implicit assertion that this case is not "potentially expensive litigation" (see id.), when plainly it is: The FAC alleges that the amount in controversy is over $5 million (see FAC ¶ 1) and seeks

certification of a nationwide class of persons who have purchased the Product over the last four years.  (See id. ¶¶ 2, 27.)  This is a "potentially expensive litigation" by any measure.

The third flaw with plaintiff's argument is that the Seventh Circuit's decision is not binding on district courts in the Ninth Circuit (assuming Smith could be interpreted as plaintiff asserts).  Indeed, numerous district court decisions in the Ninth Circuit have applied Twombly's and Iqbal's "more stringent pleading standards" to cases concerning the same types of claims and causes of action as alleged in this case, and have dismissed those complaints on Rule 12(b)(6) motions. See, e.g., Herrington v. Johnson & Johnson Consumer Cos., Inc., 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) (false advertising complaint dismissed where court applied Twombly-Iqbal pleading standards); Werberl v. Pepsico, Inc., 2010 WL 2673860 (N.D. Cal. Jul. 2, 2010) (same); Fraker v. Bayer Corp., 2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) (same); Videtto v. Kellogg USA, 2009 WL 1439086 (E.D. Cal. May 21, 2009) (same); McKinniss v. Kellogg USA, 2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) (same); McKinniss v. General Mills, Inc., 2007 WL 4762172 (C.D. Cal. Sept. 18, 2007) (same); McKinniss v. Sunny Delight Beverages Co., 2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ("Sunny D")(same).

As shown above, plaintiff's argument that the "more stringent pleading standards" of Twombly and Iqbal do not apply here is plainly erroneous.  As shown below, plaintiff's alternative argument that the FAC meets these "more stringent pleading standards" is equally without merit.

### B. The FAC Does Not Allege Plausible Claims for Relief

A complaint alleging facts that are "merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief," and is therefore subject to dismissal.  See Iqbal, 129 S.Ct. at 1949.  The FAC fails under Twombly and Iqbal because it does not allege any specific facts that could elevate the general allegations of falsity from "possible" to "plausible."

1    To state valid claims under the Unfair Competition Law ("UCL"), <u>Cal. Bus.</u>
2 <u>& Prof. Code</u> § 17200, <u>et</u> <u>seq.</u>, the False Advertising Law ("FAL"), <u>Cal. Bus. &</u>
3 <u>Prof. Code</u> § 17500, <u>et</u> <u>seq.</u>, and the Consumer Legal Remedies Act ("CLRA"), <u>Cal.</u>
4 <u>Civ. Code</u> § 1770, <u>et</u> <u>seq.</u>, the advertisements alleged to be false must be "likely" to
5 deceive a "reasonable consumer."  <u>See</u> <u>Freeman v. Time, Inc.</u>, 68 F.3d 285, 289 (9th
6 Cir. 1995).  The term "likely" means "probable," not just "possible."  <u>Id.</u>  "If the
7 alleged misrepresentation would not mislead a reasonable consumer, then the
8 allegation may be dismissed on a motion to dismiss."  <u>Id.</u>; <u>see also</u> <u>Sunny D</u>, 2007
9 WL 4766525, at *3 (dismissing with prejudice false advertising claims under UCL,
10 FAL, CLRA and breach of warranty, where challenged statements were not mislead
11 a reasonable consumer as a matter of law, and further finding, upon consideration of
12 the entire product label, that amendment of the complaint "would be futile").

13    Plaintiff's FAC does not allege that any part of the Product label is literally
14 false.  Rather, the FAC is based on the theory that *selected parts* of the Product label
15 "work[] together to present a unified message to the consumer:  just two ounces of
16 the Product, when ingested, will give them five hours of sustained energy without
17 negative after-effects."  (<u>See</u> FAC ¶ 18.)  Plaintiff concedes—as he must—that the
18 Product label also states that "*Individual results may vary*" and that the statement
19 "*no crash*" means "*no sugar crash*" (because the Product does not contain sugar).
20 (<u>See</u> FAC ¶ 19 (emphasis added).)  In other words, when read as a whole there
21 admittedly is nothing misleading about the Product label.  (<u>See</u> <u>id.</u>)

22    Having made these concessions, plaintiff is forced to argue in opposition that
23 the statements "*Individual results may vary*" and "*no crash*" means "*no sugar*
24 *crash*" should not be considered by the Court because they are "hidden" (<u>see</u> Opp'n
25 at 2:8; 3:9-11) from "every visually able purchaser" and "every literate consumer
26 who purchased the Product."  (<u>See</u> <u>id.</u> at 4:1-3.)  Plaintiff never explains how these
27 statements are (or could be) "hidden," nor does he allege that they are not readable
28 or understandable.

Simply put, plaintiff wants it both ways: on the one hand he alleges that selected parts of the Product label "present a unified message" that is misleading, while on the other hand asserting that the parts of the label that disprove his theory should be ignored. But plaintiff cannot pick and choose selected parts of the Product label, while ignoring other statements on the label that disprove his theory. See Freeman, 68 F.3d at 285 ("Any ambiguity that [plaintiff] would read into any particular statement is dispelled by the promotion as a whole"); Haskell v. Time, Inc., 857 F. Supp. 1392, 1399 (E.D. Cal. 1994) ("if the alleged misrepresentation, in context, is such that no reasonable consumer could mislead, then the allegation may also be dismissed as a matter of law"); see also Werberl, 2010 WL 2673860, at *3-*4 (dismissing complaint because no reasonable consumer could be misled in light of the totality of the product packaging). The UCL, FAL and CLRA claims fail because no reasonable consumer could be misled by the Product label when considered as a whole or even under plaintiff's selected reading of it.

Plaintiff's reliance on Williams v. Gerber Prods. Co., 552 F.3d 934, 939-940 (9th Cir. 2008), is sorely misplaced. Plaintiff misleadingly suggests (see Opp'n at 9:12-18) that the Ninth Circuit's decision in Gerber overruled *sub silentio* its ruling in Freeman v. Time, Inc., 68 F.3d 285 (9th Cir. 1995), the district court's decision in Sunny D, 2007 WL 4766525, and other cases holding that a court must consider the entire label as a whole and in context when determining whether the challenged statements could not mislead a reasonable consumer. The Ninth Circuit did no such thing. Rather, Gerber acknowledged the standards articulated in Freeman, and made clear that the outcome in that instance turned on the specific facts of that case. See Gerber, 522 F.3d at 939 (identifying the factual distinctions between Freeman and Gerber as the reason for the different outcomes in the two cases).

In fact, several courts have distinguished the factual issues in Gerber when dismissing complaints because the product labels, when considered in their entirety

- 5 -
DEFENDANT'S REPLY ISO MOTION TO DISMISS THE FAC

and in context, could not be misleading as a matter of law. For instance, the district court in <u>Videtto</u>, 2009 WL 1439086, dismissed the complaint there, holding that the challenged pictures and statements on the product box, when considered as a whole and in context, could not mislead a reasonable consumer as a matter of law. <u>See id.</u> at *2-*3. In so ruling, the district court explained that:

> [C]ontrary to the packaging in [<u>Gerber</u>], the instant packaging makes no claim that the Product is particularly nutritious or designed specifically to meet the nutritional needs of toddlers or children. Accordingly, it is entirely unlikely that members of the general public would be deceived in the manner described by Plaintiff.

<u>Videtto</u>, 2009 WL 1439086, at *3; <u>see also</u> <u>Werberl</u>, 1010 WL 2673869, at *3 (distinguishing <u>Gerber</u> and finding plaintiff's allegations were "nonsense" because it was "obvious from the [entire] product packaging that no reasonable consumer" would be misled).

The FAC does not allege that the Product label here made any claims about the nutritional value or health benefits of the Product. And plaintiff cannot credibly claim that the challenged statements are directly contradicted by other statements on the label (which the plaintiff apparently ignored for six years). To the contrary, as the FAC admits, consumers are conspicuously alerted (by use of the so-called "dagger" next to them) that the challenged statements "Hours of energy now—No crash later†" are further explained on the same label (about ¼ inch away from the challenged statements) as follows:

> "† 'No crash' means no sugar crash. 5-Hour Energy contains no sugar. Individual results may vary. See wwe.5hourenergy.com for more details."

(<u>See</u> FAC ¶ 16 at 5:24-27.) As plaintiff concedes, a consumer that reads these statements cannot be mislead by the selected statements that plaintiff asserts are

misleading on their own.  Plaintiff therefore is forced to make the absurd claim that these explanatory statements are somehow "hidden" in the Product's "ingredient list."  (See Opp'n at 3:9-11.)  In truth—and as shown in the FAC—these explanatory statements are not hidden anywhere.  They are set forth conspicuously and separately from the "ingredient list" about a ¼ inch away from the statements plaintiff claims are misleading and are specifically linked to them by the so-called "dagger."  (See FAC ¶ 11.)

No reasonable consumer would interpret the Product *name* "5-Hour Energy®" as promising "five hours of sustained energy" because the label clearly states that "Individual results may vary" or that "No crash" refers to anything other than "no sugar crash."[1]  See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (a court need not accept as true 'unreasonable inferences, unwarranted deductions of fact, or legal conclusions merely because they are cast in the form of factual allegations"); Freeman, 68 F.3d at 289 (citation omitted) (challenged statements could not be misleading as matter of law when considering the entire advertisement in context).  Where—as here—a court can conclude that members of the public are not likely to be deceived, dismissal on the pleadings is appropriate.  See Freeman, 68 F.3d at 289; Werberl, 2010 WL 2673860, at *3; Videtto, 2009 WL 1439086, at *3.[2]

### C. The Breach of Warranty Claim Fails for Additional Reasons

To state a claim for breach of express warranty, plaintiff must allege facts sufficient to show (1) that Innovation made affirmations of fact or promises that

---

[1] Plaintiff's suggestion that the name "5-Hour Energy®" is misleading fails for the additional reason that it is simply the brand name of the product, not a statement of fact on which a claim can be based.  See McKinniss, 2007 WL 4766060, at *4.

[2] The opposition concedes that plaintiff cannot pursue a claim for "unsubstantiated advertising."  (See Opp'n at 11); see also Fraker v. Bayer Corp., 2009 WL 5865687, at *8 (E.D. Cal. Oct. 6, 2009).

became part of the basis of the bargain between the parties; (2) a breach of the express promises; (3) that the breach caused plaintiff actual harm; and (4) that plaintiff gave Innovation timely notice of the purported breaches of warranty. See Scott v. Metabolife Int'l, Inc., 15 Cal. App. 4th 404, 415-16 (2004); see also Cal. Com. Code § 2313(1)(b).

As demonstrated above and in Innovation's opening papers, the Product label does not contain any express (or implied) guaranties that were not true, nor does the FAC plausibly allege that Innovation breached any alleged "warranties." (See Mot. at Parts I.A-C.) Again, the FAC concedes that the Product label states that "*Individual results may vary*" and that "*no crash*" means "*no sugar crash*" (because the product does not contain sugar). (See FAC ¶ 19 (emphasis added).) Plaintiff's selective reading or alleged misunderstanding of the plain language of the label cannot give rise to an express warranty claim. See Freeman, 68 F.3d at 289; see also Herrington, 2010 WL 3448531, at *13 (dismissing breach of express warranty claim where plaintiff failed to allege facts showing alleged promises were breached).

Plaintiff's breach of warranty claim fails for the additional reason that he waited six years before giving Innovation "notice" of the purported breach of warranty. (See FAC ¶ 22) (plaintiff has been buying the Product since 2004, but did not sue until late 2010).) Six years is not timely notice. See Scott, 15 Cal. App. 4th at 415-16.

**D.  Plaintiff's Rule 9(b) Argument is Fundamentally Flawed**

Innovation's opening papers also demonstrated that Fed. R. Civ. Proc. 9(b)'s strict pleading requirements apply to the FAC, and that the FAC does not satisfy those requirements. (See Mot. at 10-11.) Plaintiff's opposition simply asserts that the "UCL and FAL claims are not grounded in fraud, and therefore need not meet the heightened pleading standards under Rule 9." (Opp'n at 14:14-15.) Plaintiff is clearly wrong.

A complaint must satisfy Rule 9(b)'s strict pleading requirements where—as here—it "allege[s] a unified course of fraudulent conduct" and relies on that "course of conduct as the basis" for its claims." When that happens, a plaintiff's claims are "said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b)." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); see Vess, 317 F.3d at 1103 ("where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct"). The FAC must satisfy Rule 9(b) because it is based on an alleged fraudulent course of conduct that plaintiff asserts has been ongoing since 2004. See, e.g., FAC ¶¶ 19 ("untruthful"), 20 ("deceptive misrepresentations"), 23 ("deceptive labeling"), 24 ("deceptive labeling"), 25 ("scheme of deceptive representations").

Plaintiff's claim that the Ninth Circuit's decision in Kearns, 567 F.3d 1120, is limited to "claims of conspiracy or a multi-step process" (see Opp'n at 15:9-18), is meritless. No such limitation was identified in Kearns, and plaintiff has not cited a case that limits Kearns' holding that way. Plaintiff further confuses the issue when he conflates the elements that must be pled and proved for a claim under the UCL's "fraud" prong with the elements that must be pled and proved for a common law fraud claim. (See Opp'n at 14:15-23.) Rule 9(b) is not limited to claims for actual fraud; it applies to complaints that "sound in fraud" or allege a "unified course of fraudulent conduct," as the FAC does.

Innovation's motion does not seek dismissal because plaintiff has not pled the elements of a common law fraud claim. Rather, it seeks dismissal because the FAC does not provide the detailed factual allegations that are necessary to support the elements of the claims that plaintiff does allege, as required by Fed. R. Civ. Proc. 9(b). See Kearns, 567 F.3d at 1125; Vess, 317 F.3d at 1103.

Conceding that Rule 9(b) does apply to the FAC, plaintiff changes course and alternatively argues that the FAC meets Rule 9's heightened pleading standards after

1  all.  (See Opp'n at 15:19-22.)  But the opposition merely repeats the generalized
2  allegations of the FAC; it does not explain how those allegations satisfy Fed. R. Civ.
3  Proc. 9(b).  For instance, the FAC alleges that plaintiff has been buying the Product
4  since it was introduced in 2004 (see FAC ¶ 22) and appears to attack the labels of all
5  5-Hour Energy® products since 2004.  (See id. ¶ 10.)  Yet the FAC only identifies
6  one "certain packaging and labeling of the Product" (see id. ¶ 11) and a single
7  purchase by plaintiff over the six-year period alleged in the FAC.  (See FAC ¶ 22.)
8  Identifying a single purchase of a single Product does not satisfy Rule 9's standards
9  when the FAC challenges multiple products purchased over a six-year period.  See
10 Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir.
11 1991) (a complaint must "detail with particularity the time, place, and manner *of*
12 *each act of fraud*, plus the role of each defendant in each scheme") (emphasis
13 added); see also Johnson v. Metabolife Int'l, Inc., 2002 WL 32494514, at *3-*4
14 (N.D. Tex. Oct. 23, 2002) (complaint dismissed because it did not identify "any of
15 the dates or times when [plaintiff] saw ... advertisements on the television or heard
16 them on the radio").

17       Finally—and significantly—the FAC alleges that plaintiff "did not see the
18 disclaimers on the ingredient list" (see FAC ¶ 23 at 7:10-11), but does not provide
19 the specifics of "when," "where," and "how" plaintiff ultimately saw the
20 "disclaimers" that he alleges are "proof" of falsity, and that he admits would
21 undermine all of his claims if seen at the time of purchase.  See In re Glenfed, Inc.,
22 Sec. Litig., 42 F.3d 1541, 1549 (9th Cir. 1994) (complaint must allege "what is false
23 or misleading about [the challenged] statement, and why it is false"); see also Vess,
24 317 F.3d at 1106 (Rule 9 requires "the circumstances constituting fraud" to be pled
25 "with particularity."  The plaintiff must plead the "'who, what, when, where, and
26 how' of the misconduct charged").  Plaintiff's failure to allege the specific facts of
27 "fraud" is an independent reason to dismiss the FAC.  See id.; Vess, 317 F.3d at
28 1106; Fed. R. Civ. Proc. 9(b).

### E. Plaintiff Should be Denied Leave to Amend

Plaintiff's opposition does not provide any authority that would justify giving him a third opportunity to allege claims against Innovation. By his own admission, plaintiff had six years in which to formulate his original complaint. (See FAC ¶ 22.) When faced with a motion to dismiss, plaintiff filed the FAC, which presumably includes whatever additional allegations he could make. Now he asks for a third try. But the opposition does not cite a single rule or case to support that request, nor does plaintiff suggest any additional allegations that could move the FAC's allegations across the line from merely possible to actually plausible. See Iqbal, 129 S.Ct. at 1949-50.

For all the reasons shown above and in Innovation's opening papers, plaintiff should be denied leave to write his complaint a third time. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988); see also Sunny D, 2007 WL 4766525, at *3 (dismissing with prejudice false advertising claims under UCL, FAL, CLRA and breach of warranty, where challenged statements could not mislead a reasonable consumer as a matter of law, and further finding, upon consideration of the entire product label, that amendment of the complaint "would be futile").

### Conclusion

For the foregoing reasons, Innovation Ventures, LLC respectfully requests that its motion to dismiss be granted, that the FAC be dismissed without leave to amend, and that the Court award it all other relief to which it is entitled.

DATED: February 28, 2011      CRONE HAWXHURST LLP
                              BROOKS KUSHMAN


                              By      /s/
                                  Gerald E. Hawxhurst
                                  Daryl M. Crone
                                  Attorneys for Defendant
                                  Innovation Ventures, LLC